UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN G. P., | No. 1:26-cv-03196-RLP |
| Petitioner, | ORDER DIRECTING SUPPLEMENTAL BRIEFING |
| v. | |
| DHS SECRETARY MARKWAYNE MULLE, et al., | |
| Respondents. | |

Before the Court is Petitioner Jonathan G.P.'s ("Petitioner") petition for writ of habeas corpus filed on April 27, 2026. ECF No. 1. Petitioner states that he is a native and citizen of Cuba who has held legal permanent resident status since August 18, 2011.  Petitioner alleges he has been unlawfully detained by the Department of Homeland Security since March 19, 2026, and contends his continued detention without an individualized bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth

ORDER DIRECTING SUPPLEMENTAL BRIEFING ~ 1

Amendment. He requests the Court issue an order directing an individualized bond hearing or, alternatively, release from custody. ECF No. 1.

Respondents contend that Petitioner's departure and return to the U.S. combined with his fraud and theft related convictions constituting crimes involving moral turpitude render him an inadmissible applicant for admission under 8 U.S.C. § 1101(a)(13)(C)(v) and 8 U.S.C. § 1182(a)(2)(A)(i). Therefore, Respondents claim Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) and that he has not exhausted his administrative remedies.

On reply, Petitioner contends the case is governed by 8 U.S.C. § 1227(a)(2)(A)(i). ECF No. 8. Petitioner states the sole issue "is a single question of statutory construction: whether the government may use the inadmissibility provision in 8 U.S.C. § 1182(a)(2)(A)(i)(I) to render removable a lawful permanent resident for a single crime involving moral turpitude that fails both prongs of 8 U.S.C. § 1227(a)(2)(A)(i)." ECF No. 8 at 7. According to Petitioner, if this question is resolved in the negative, then Respondents lack any statutory authority to detain Petitioner. Petitioner requests the opportunity for supplemental briefing on this issue.

The Court finds supplemental briefing may assist the Court in resolving this habeas petition, but the Court disagrees with Petitioner's framing of the issue.

Petitioner's brief does not address the statutory basis for detention asserted

ORDER DIRECTING SUPPLEMENTAL BRIEFING ~ 2

by Respondents, 8 U.S.C. § 1226(c)(1)(A), which is based on the position that Petitioner is an applicant for admission under 8 U.S.C. § 1101(a)(13)(C) who is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Nor does Petitioner's brief address the factual basis for Respondents' position, i.e., the impact of Petitioner's departure from the U.S. after his conviction and his subsequent return on his immigration status.

It appears to the Court that Petitioner is properly characterized as an applicant for admission under 8 U.S.C. § 1101(a)(13)(C)[1] and may be inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I), which suggests 8 U.S.C. § 1226(c)(1)(A) is a lawful basis for detention.  However, the Court will allow Petitioner to submit

---

[1] A legal permanent resident who has committed a crime involving moral turpitude for purposes of 8 U.S.C. § 1182(a)(2)(A)(i)(I) and who seeks to reenter the country after traveling abroad is "regarded as seeking an admission into the United States for purposes of the immigration laws." *Vazquez Romero v. Garland*, 999 F.3d 656, 660  (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(13)(C)); *see also Vartelas v. Holder*, 566 U.S. 257 (2012) ( "[L]awful permanent residents returning from a trip abroad are now regarded as seeking admission if they have 'committed an offense identified in section 1182(a)(2),' § 1101(a)(13)(C)(v), including, as relevant here, 'a crime involving moral turpitude . . . § 1182(a)(2)(A)(i).'").

ORDER DIRECTING SUPPLEMENTAL BRIEFING ~ 3

additional briefing regarding Petitioner's immigration status based on 8 U.S.C. § 1101(a)(13)(C), and if Petitioner is an applicant for admission, regarding Respondent's assertion that Petitioner is properly held under § 1226(c).

**Accordingly, IT IS ORDERED:**

1. Within 7 days of the date of this Order, Petitioner shall submit supplemental briefing specifically addressing:

   a. Is Petitioner an applicant for admission based on 8 U.S.C § 1101(a)(13)(C)(v) and the facts of this case?

   b. If Petitioner is an applicant for admission, do 8 U.S.C. § 1182(a)(2)(A)(i) and 8 U.S.C. § 1226(c)(1)(A) provide legal basis for detention?

2. Within 7 days of the date of service of Petitioner's supplemental brief, Respondents shall file a supplemental brief specifically addressing Petitioner's supplemental arguments.

**IT IS SO ORDERED.**

DATED May 20, 2026



_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DIRECTING SUPPLEMENTAL BRIEFING ~ 4