# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN G. P., | No. 1:26-cv-03196-RLP |
| Petitioner, | ORDER DENYING PETITION FOR HABEAS CORPUS |
| v. | |
| DHS SECRETARY MARKWAYNE MULLEN, et al., | |
| Respondents. | |

Before the Court is Petitioner Jonathan G.P.'s ("Petitioner") petition for writ of habeas corpus filed on April 27, 2026. ECF No. 1. Mr. G.P. is represented by attorneys Eduardo Rigoberto Soto and Vanessa Molina. Respondents are represented by Assistant United States Attorney Jonathan Yu.

Petitioner is a native and citizen of Cuba who has held legal permanent resident status since August 18, 2011. ECF No. 6-1 at 3. On April 16, 2018, Mr. G.P. was convicted of Obtaining Goods by Use of False Credit Card, one count of

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 1

Grand Theft, and two counts of Fraudulent Use of Credit Card in Bay County, Florida. *Id.*; ECF No. 1 at 10. He was sentenced to 36 months of probation, restitution, and community service. *Id.* In May 2022, he presented for inspection at the Miami International Airport upon arriving from Havana, Cuba. *Id.* At that time, his criminal history was reviewed by inspection agents, it was determined that Mr. G.P. "appears to be inadmissible," and he was served a Notice to Appear before an Immigration Judge for a determination of admissibility. *Id.*

Sometime later, Mr. G.P.'s A-file was received and his Notice to Appear was reviewed and corrected. *Id.* He was deemed inadmissible to the United States pursuant to Section 212(a)(3)(A)(i)(I) of the Immigration and Nationality Act (INA). *Id.* Mr. G.P. was served with a superseding Notice to Appear by mail on December 9, 2022. *Id.* Mr. G.P. was not scheduled for a hearing at that time. *Id.*

On August 11, 2025, Miami Deferred Inspections recalled the case. On March 19, 2026, Mr. G.P. appeared at the Miami Deferred Inspection Unit for issuance of the new Notice to Appear which scheduled a hearing before an Immigration Judge on April 15, 2026. *Id.*; ECF No. 6-2. Mr. G.P. was detained by ICE pending the immigration proceedings. ECF No. 6-1 at 2.

Mr. G.P. filed this Petition for Writ of Habeas Corpus alleging he has been unlawfully detained since March 19, 2026, and challenging the government's authority to detain him without a bond hearing while removal proceedings are

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 2

pending. Petitioner further alleges that the government's asserted authority to hold him in mandatory custody depends on a disputed statutory classification. He requests the Court find his detention without a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment (procedural and substantive). ECF No. 1.

Respondents contend Petitioner's departure and return to the U.S. combined with his fraud and theft-related convictions constituting crimes involving moral turpitude render him an inadmissible applicant for admission under 8 U.S.C. § 1101(a)(13)(C)(v) and 8 U.S.C. § 1182(a)(2)(A)(i). Therefore, Respondents claim that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) and that he has not exhausted his administrative remedies. Respondents contend Petitioner's administrative remedy is a *Joseph* hearing, which provides an avenue for disputing the application of his qualification for detention under 8 U.S.C. § 1226(c)(1)(A).

Petitioner's reply contends the case is governed by 8 U.S.C. § 1227(a)(2)(A)(i). ECF No. 8. Petitioner states the sole issue "is a single question of statutory construction: whether the government may use the inadmissibility provision in 8 U.S.C. § 1182(a)(2)(A)(i)(I) to render removable a lawful permanent resident for a single crime involving moral turpitude that fails both prongs of 8 U.S.C. § 1227(a)(2)(A)(i)." ECF No. 8 at 7. Petitioner did not address the statutory

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 3

basis for detention asserted by Respondents, 8 U.S.C. § 1226(c)(1)(A), or the factual basis for Respondents' position which includes Petitioner's departure from the United States after conviction for fraud and theft.

The Court requested Petitioner provide supplemental briefing regarding the following questions: (1) Is Petitioner an applicant for admission based on 8 U.S.C § 1101(a)(13)(C)(v) and the facts of this case? (2) If Petitioner is an applicant for admission, do 8 U.S.C. § 1182(a)(2)(A)(i) and 8 U.S.C. § 1226(c)(1)(A) provide legal basis for detention?

The parties filed supplemental briefs which have been considered by the Court. ECF Nos. 13, 14, 15. Petitioner answered the Court's first question in the affirmative: he may be "regarded as seeking an admission" under 8 U.S.C. § 1101(a)(13)(C)(v). But Petitioner qualifies the concession as narrow and contends that being regarded as seeking admission is not an adjudication that he is inadmissible, nor does it strip him of his status as a legal permanent resident. According to Petitioner, his retained status places him, for detention purposes, within the framework the Respondents have invoked: 8 U.S.C. § 1226. ECF No. 13. Regarding the Court's second question, Petition answers in the negative. According to Petitioner, § 1226(a) is the default authority and permits release on bond or conditional parole. ECF No. 13. Petitioner argues that § 1226(c) does not apply because it only applies in certain circumstances that are not present here.

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 4

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## JURISDICTION

As an initial matter, Respondents suggest this Court lacks jurisdiction because Petitioner failed to name his immediate custodian and did not identify where in the Eastern District of California Petitioner is detained.  ECF Nos. 6 at 1; 15 at 1 and n.1. Respondents are incorrect on this point, as the Petition indicates that Defendant Becerra has supervisory authority over "the Golden State annex, an immigration detention facility located at 611 Frontage Road, McFarland California 93250, where Petitioner is detained in ICE custody." ECF No. 1 at 5. The Court finds this allegation sufficient to conclude venue is proper and establish

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 5

jurisdiction for this habeas petition. 28 U.S.C. § 1391(e)(1)(B).

## IMMIGRATION & NATIONALITY ACT

The INA authorizes the Government to detain "certain aliens seeking admission into the country" (Section 1225) and "certain aliens already in the country pending the outcome of removal proceedings." (Section 1226) *Jennings v. Rodriquez*, 583 U.S. 281, 289, 138 S.Ct. 830 (2016).

The sections differ in terms of the process for detention. Section 1225(b)(2)(A) provides that "applicants for admission" must be detained for removal proceedings if the examining immigration officer determines "beyond a doubt" that the alien is not entitled to admission. Other than some limited exceptions, detention under § 1225(b)(2) is considered mandatory. *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025)).

Section 1226(a), on the other hand, sets out the "default rule" for noncitizens already present in the country. *Jennings v. Rodriquez*, 583 U.S. 281, 288, 138 S.Ct. 830 (2016). Under this discretionary rule, "[a]n immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At any such bond hearing, "the burden is on the non-

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 6

citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Id*. (citing *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017)).

However, section 1226(c) lists exceptions to the default rule: detention is required of noncitizens who have committed certain types of crimes, depending on their immigration status. 8 US.C. § 1226(c)(1)(A)-(E).

Undisputed by the parties for purposes of this habeas petition is that Mr. G.P. obtained legal permanent resident status in August 18, 2011; that in 2018 he was convicted of the crimes of theft and fraudulent use of a credit card; he departed the United States and returned in May 2022; and the combination of those facts means he is an "applicant for admission" under 8 U.S.C. § 1101(a)(13)(C). *See Vazquez Romero v. Garland*, 999 F.3d 656, 660  (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(13)(C)); *see also Vartelas v. Holder*, 566 U.S. 257 (2012) ( "[L]awful permanent residents returning from a trip abroad are now regarded as seeking admission if they have 'committed an offense identified in section 1182(a)(2),' § 1101(a)(13)(C)(v), including, as relevant here, 'a crime involving moral turpitude . . . § 1182(a)(2)(A)(i).'"); *see* ECF No. 13 at 3.

In supplemental briefing, Petitioner agrees that his status as a legal permanent resident now deemed an applicant for admission means 8 U.S.C. § 1226

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 7

applies for detention purposes, not 8 U.S.C. § 1225. ECF No. 13 at 3. Petitioner correctively observes that under § 1226, detention is presumptively governed by § 1226(a), which, as noted above, authorizes custody, release on bond, or conditional parole as the default rule. *Id.* According to Petitioner, the default rule applies in this case because no § 1226(c) exception is satisfied.

The exceptions to the default rule of § 1226(a) provide for mandatory detention when the noncitizen:

> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[1] to a term of imprisonment of at least 1 year,
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, or
> (E)(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person . . .

8 U.S.C. 1226(c)(1).

The only exception at issue is subsection (A) which is cited by the United States as the basis for detention in this case: when the noncitizen in inadmissible because he has committed an offense under § 1182(a), detention is mandatory. ECF

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 8

No. 6 at 1.

Relevantly, one of the offenses listed in § 1182(a)(2) is "a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(I). There is a longstanding rule that crimes that have fraud as an element are "categorically crimes involving moral turpitude." *Planes v. Holder*, 652 F.3d 991, 997-98 (9th Cir. 2011); *Moran v. Barr*, 960 F.3d 1158, 1161 (9th Cir. 2020) ("Fraudulent crimes always involve moral turpitude."). Mr. G.P. was convicted of fraud and theft under Florida law, which fall squarely into the category of crimes of moral turpitude.

Petitioner does not appear to take issue with the categorization of his convictions as crimes of moral turpitude. Rather, he contends that since he has not been adjudicated inadmissible, subsection A of § 1226(c)(1) simply does not apply. Petitioner cites no authority for the argument that "[a] contested, unadjudicated allegation of inadmissibility is not the established status that § 1226(c)(1)(A) requires." ECF No. 13 at 5.  When a lawful permanent resident is seeking admission, he "may be charged with any applicable ground of inadmissibility under section 1182(a)," 8 U.S.C. § 1229a(a)(2), including being convicted of or admitting to "a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(I). Removal proceedings include issuance of a Notice to Appear. 8 U.S.C. § 1229(a)(1).

Under these rules, Mr. G.P. was charged with inadmissibility upon his return to the U.S. because he had been convicted of a crime involving moral turpitude. *See*

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 9

*Blanche v. Lau*, No. 25-429, 2026 WL 1791339, at *4 (U.S. June 23, 2026). Petitioner was convicted of fraud and theft and an immigration officer determined Petitioner was "appears to be inadmissible to the United States pursuant to Section 212(a)(2)(A)(i)(I) of INA" based on the prior crimes.[1] ECF No. 6-1 at 3. These facts indicate that Petitioner likely falls within the purview of § 1226(c). Thus, Petitioner may be lawfully detained under 8 U.S.C. § 1226(c)(1)(A). *See Rowe v. Archambeault*, 2026 WL 879487, at *2–3 (S.D. Cal. Mar. 31, 2026).

Furthermore, Petitioner is not without recourse for his desire to contest the application of § 1226(c), which is precisely the challenge to be addressed at a *Joseph* hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) ("Anyone who believes that he is not covered by § 1226(c) may also ask for what is known as a '*Joseph* hearing.' *See Matter of Joseph,* 22 I. & N. Dec. 799 (BIA 1999)."). Noncitizens "who deny that they satisfy any § 1226(c) predicate may challenge their mandatory detention in a *Joseph* hearing" in immigration court. *Nielsen v. Preap*, 586 U.S. 392, 418 n.8 (2019); *see* 8 C.F.R. § 1003.19(h)(2)(ii). At a *Joseph*

---

[1] In December 2022, the Notice to Appear was reviewed and corrected. Based on the facts already considered, it was determined "the subject is inadmissible to the United States pursuant to Section 212 (a)(2)(A)(i)(I) of the ACT as amended." ECF No. 6-1 at 3.

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 10

hearing, "the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Demore v. Kim,* 538 U.S. 510, 514, n. 3, 123 S.Ct. 1708 (2003). No immigration judge has yet addressed Mr. G.P.'s detention under § 1226(c), which is the proper recourse. *See Smith v. Berryhill*, 587 U.S. 471, 488 (2019) ("Fundamental principles of administrative law . . . teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question.")

Petitioner contends a *Joseph* hearing will not allow him to raise a legal question regarding the intersection of § 1182(a)(2)(A)(i)(I) which does not limit the period of consideration for crimes of moral turpitude and § 1227(a)(2)(A)(i), which limits the period of consideration for crimes of moral turpitude in deportation proceedings. ECF No. 13 at 5. But as Petitioner recognizes, the two statutes involve different parts of the immigration process: § 1182(a)(2)(A)(i)(I) involves admissibility and § 1227(a)(2)(A)(i) involves deportability. However, substantive deportation proceedings (a) have not yet occurred in this case and (b) are not reviewable by this Court. Furthermore, it may be that Petitioner will prevail at a *Joseph* hearing and an immigration judge could decide that a bond hearing is available to Petitioner under § 1226(a), in which case the question raised by

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 11

Petitioner would be moot.

Accordingly, this Court will order Respondents to provide a *Joseph* hearing under § 1226 so an Immigration Judge may consider whether Petitioner is subject to mandatory detention under § 1226(c) or discretionary detention under § 1226(a), and in that case may consider all relevant factors in evaluating the appropriateness of Mr. G.P.'s continued detention under the applicable statute. *See Gomez v. Lyons*, 2026 WL 1243441, at *7 (E.D. Cal. May 6, 2026), *report and recommendation adopted,* 2026 WL 1335805 (E.D. Cal. May 13, 2026).

## DUE PROCESS

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id*. at 693-94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 12

protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

   *a.  Protected Liberty Interest*

   "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

   The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. The Court therefore finds that Petitioner has a liberty interest protected by the Constitution.

   *Process Required*

   The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 13

procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

The first factor weighs in favor of Petitioner. His private interest is a right to be free from government imprisonment, and that right is being affected by his continued detention. The second and third factors, however, weigh in favor of Respondents. The basis asserted for his detention is 8 U.S.C. § 1226(c), and § 1226(c) does not provide a detainee with a right to a bond hearing. Although Mr. G.P. disputes application of § 1226(c) to his case, as discussed above he has not requested a *Joseph* hearing before an immigration judge. However, given that there is a procedure available to challenge the application of § 1226(c) to his case which Petitioner has not utilized, due process has not been denied.

**Accordingly, IT IS ORDERED:**

1.    The petition for writ of habeas corpus, **ECF No. 1**, is **DENIED.**

2.    However, **within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner a *Joseph* hearing under § 1226 so an Immigration Judge may consider whether Petitioner is subject to mandatory detention under § 1226(c) or discretionary detention under § 1226(a), and in that case may consider all relevant factors in

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 14

evaluating the appropriateness of Petitioner's continued detention and any relief.

    3.    Within 3 days from the date of the *Joseph* hearing, Respondents are directed to file a notice in this court certifying compliance with this order.

**IT IS SO ORDERED.** The Court clerk shall enter this Order, enter judgment for Respondents, provide copies to counsel, and **CLOSE** the file.

DATED July 10, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITION FOR HABEAS CORPUS ~ 15